1  JUSTICE FOR WORKERS, P.C.
   Young K. Park SB# 287589
2    E-Mail: young@justiceforworkers.com
   Tara H. Hattendorf SB# 327253
3    E-Mail: tara@justiceforworkers.com
   Michelle Avidisyans SB# 348652
4    E-Mail: michelle@justiceforworkers.com
5  3600 Wilshire Boulevard, Suite 1815
   Los Angeles, CA 90010
6  Tel: 323-922-2000
   Fax: 323-922-2000
7
8  GOLIATH LAW, APC
   J. SCOTT RANEN SB# 224285
9    E-Mail: J.Scott.Ranen@Goliath-Law.com
   8605 Santa Monica Blvd.
10 No. 584066
   West Hollywood, CA 90069
11 Tel:  213-789-6549
12
   Attorneys for Plaintiff,
13 ALICE COOK

14

15                  **UNITED STATES DISTRICT COURT**

16                  **NORTHERN DISTRICT OF CALIFORNIA**

17

| | |
|---|---|
| 18  ALICE COOK, an individual; | Case No.: 5:23-cv-05690-NC PCP |
| 19      Plaintiff, | **PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT** |
| 20      vs. | |
| 21  MATRIX ABSENCE MANAGEMENT, INC., a Delaware Corporation; and DOES 1 through 50, | (1) FAILURE TO PAY OVERTIME WAGES (2) FAILURE TO PAY MINIMUM WAGES (3) FAILURE TO PROVIDE REQUIRED MEAL PERIODS |
| 22 | |
| 23      Defendants. | (4) FAILURE TO PROVIDE REST PERIODS |
| 24 | (5) FAILURE TO FURNISH TIMELY AND ACCURATE ITEMIZED WAGE STATEMENTS |
| 25 | |
| 26 | (6) VIOLATION OF UNFAIR COMPETITION LAW |
| 27 | **DEMAND FOR JURY TRIAL** |
| 28 | |

- 1 -

Plaintiff ALICE COOK (hereinafter "COOK" or "Plaintiff") for her First Amended Complaint against Defendants MATRIX ABSENCE MANAGEMENT, INC., a Delaware Corporation (hereinafter "MATRIX" or "Defendant"); and DOES 1 through 50 (collectively Defendants"), alleges as follows:

**PARTIES**

1. Plaintiff COOK is an individual residing in the State of California. Plaintiff COOK was an employee of Defendant MATRIX at all relevant times herein mentioned.

2. On information and belief, Defendant MATRIX is a corporation organized and existing under the laws of the State of Delaware and whose headquarters is in Arizona. MATRIX has been Plaintiff's employer at all relevant times herein mentioned.

3. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendant DOES 1 through 50, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint by inserting the true names and capacities of each such Defendants, with appropriate charging allegations, when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as "DOE" is responsible in some manner for the injuries suffered by Plaintiff and for damages proximately caused by the conduct of each such Defendants as herein alleged.

4. Plaintiff is informed and believes and thereon alleges that at all relevant times Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and/or agents, and are liable for the wrongful conduct of its employees and/or agents as alleged herein.

5. Plaintiff is informed and believes and thereon alleges that, at all relevant times mentioned herein, each defendant was an alter-ego of each and every other defendant. Unity of interest and ownership existed such that the separate personalities each of defendant never existed or ceased to exist. Further, if the acts are treated as those of one of the defendants alone, an inequitable result will follow. Accordingly, Plaintiff alleges that each defendant was an alter-ego of each and every other defendant and vice versa.

PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT – 5:23-cv-05690-NC.

## VENUE AND JURISDICTION

6. This Court has jurisdiction over this matter because Defendants conduct business in, and have substantial contacts, within the State of California. Venue is proper in the County of Santa Clara because Plaintiff performed work for Defendants in the County of Santa Clara.

## FACTUAL ALLEGATIONS

7. Defendant MATRIX is a third-party administrator of disability and leave of absence claims.

8. As a third-party absence management administrator, Defendant's core functions include processing disability and leave of absence claims for its employer clients within contractually set timeframes.

9. MATRIX hired COOK on or around 2010, to process disability and leave claims for its clients within pre-set contractual timeframes.

10. In or around 2014, Plaintiff COOK began working as a Claims Examiner and was classified by MATRIX as an exempt, salaried employee in this position. Plaintiff's primary job duty consisted of reviewing employee disability and leave of absence claims against predetermined guidelines to determine benefit eligibility within contractual set time frames.

11. Plaintiff did not have any authority to hire or fire, she did not supervise any employees in any meaningful way, she did not direct the work of two or more employees, and she could not waive or deviate from established policies and procedures for performing work without prior approval. Plaintiff rarely needed to use independent judgment and discretion in the performance of her job duties on matters of significance and certainly did not do so with respect to more than 50 percent of the time she spent performing her job duties.

12. During her employment with Defendant, Plaintiff's job duties did not involve developing, reviewing, or evaluating the business policies of Defendant or Defendant's customers.

13. During her employment with Defendant, Plaintiff's job duties did not involve formulating, interpreting, or implementing management policies for Defendant or Defendant's customers.

14. During her employment with Defendant, Plaintiff's job duties did not involve creating or drafting the corporate policies, procedures, and guidelines pertaining to Claims Review Work.

15. During her employment with Defendant, Plaintiff's job duties did not involve planning the short-term or long-term business objectives of Defendant or Defendant's clients.

16. Plaintiff's primary job functions involved the processing of client's employees' absences, which directly overlaps with the primary function and purpose of Defendant's enterprise.

17. Since at least 2014, Defendant classified Plaintiff as an exempt salaried employee and did not pay her overtime wages for overtime hours worked.

18. Since at least 2014, Defendant did not provide Plaintiff with a thirty-minute off duty, uninterrupted meal period during the first five hours of her shift.

19. Since at least 2014, Defendant did not provide Plaintiff with a ten-minute off duty, uninterrupted rest period for every four hours worked or major fraction thereof.

20. Since at least 2014, Plaintiff regularly worked over 8 hours in a day and 40 hours a week, worked nearly every weekend, and on average worked 12-24 hours a week of overtime hours. More specifically, MATRIX required Plaintiff to perform, on average, 10-12 hours of work per workday, and several hours of work each weekend as well or was on actual or constructive notice that Plaintiff was working these hours.

21. For instance, every morning, MATRIX provided Plaintiff a task list, with associated due dates or deadlines for each task, and instructions for the order in which Plaintiff had to complete each task. The amount of work assigned to Plaintiff in the task lists, along with the strict deadlines Plaintiff had to complete them by, often required Plaintiff to work through her rest and meal breaks and required Plaintiff to work overtime hours.

22. MATRIX knew that Plaintiff was working through her rest and meal breaks and had to perform several hours of overtime work without pay. By unlawfully classifying Plaintiff as an exempt salaried employee, MATRIX expected and forced Plaintiff to work the entirety of her workdays without relieving her of all work duties and without relinquishing control over her activities to allow her to take a rest or meal break. MATRIX actively discouraged and impeded Plaintiff from taking her meal and rest breaks.

23. Indeed, Plaintiff even complained to MATRIX about the heavy workload MATRIX assigned to her which, in part, required her to work through her rest and meal breaks and work overtime.

- 4 -

Although MATRIX acknowledged that Plaintiff's workload was too heavy and caused her to miss her breaks and work overtime, MATRIX expected and required her to continue working under these conditions.

24. The wage statements which Defendant provided to Plaintiff did not itemize her actual hours worked, did not identify any overtime hours worked, and did not identify an overtime rate.

25. Defendant mis-classified Plaintiff as an exempt employee and should have paid her overtime wages for overtime hours worked and provided her with legally compliant meal and rest periods.

26. Defendant never paid Plaintiff meal and rest period premium pay for all meal and rest periods not provided.

27. On May 6, 2020, Tina Weeks Michael McDonald and Cassandra Magdaleno filed a lawsuit against MATRIX in the United States District Court for the District of Arizona, both individually and on behalf of others similarly situated, alleging violations of the Fair Labor Standards Act ("FLSA") for failure to pay overtime wages due to MATRIX's misclassification of the class representatives and members as exempt workers.[1] On November 22, 2022, the court denied the class-plaintiffs' Motion for Class Certification.[2] The case thereafter settled and was dismissed on August 11, 2023.[3]

28. On or around September 17, 2023, about one month after *Weeks et al. v. Matrix Absence Management, Inc.*, Case No. 2:20-cv-00884-SPL, was dismissed, MATRIX reclassified Plaintiff as a non-exempt employee.

29. From at least 2014 to on or around September 17, 2023, MATRIX unlawfully classified Plaintiff as an exempt salaried employee and deprived her of her rights under the California Labor Code, among other things.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY OVERTIME WAGES

---

[1] *See generally Weeks et al. v. Matrix Absence Management, Inc.*, Case No. 2:20-cv-00884-SPL, Dkt. 1 (May 6, 2020).
[2] *Id.* Dkt. 128; *see also Weeks v. Matrix Absence Mgmt. Inc.*, No. CV-20-00884-PHX-SPL, 2022 WL 17104261, at *4 (D. Ariz. Nov. 22, 2022).
[3] *Weeks et al. v. Matrix Absence Management, Inc.*, Case No. 2:20-cv-00884-SPL, Dkt. 156, 160.

PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT – 5:23-cv-05690-NC.

**[California Labor Code §§ 510, 1194]**

**(Plaintiff Against All Defendants, Including Does 1-50)**

30. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

31. Labor Code section 510 entitles non-exempt employees to one-half times their hourly pay for any and all hours worked in excess of eight hours in any work day, for the first eight hours worked on the seventh consecutive day of work in a work week, and for any work in excess of forty hours in any one work week. Employees are entitled to double their hourly pay for any and all hours worked in excess of 12 hours in any work day and in excess of 8 hours on the seventh consecutive work day.

32. Plaintiff worked overtime hours in every payroll period during the relevant time period. Since at least 2014, Plaintiff regularly worked over 8 hours in a day and 40 hours a week, worked nearly every weekend, and on average worked 12-24 hours a week of overtime hours. More specifically, MATRIX required Plaintiff to perform, on average, 10-12 hours of work per workday, and several hours of work each weekend as well or was on actual or constructive notice that Plaintiff was working these hours.

33. Because MATRIX classified Plaintiff as exempt, it did not pay her any overtime wages for the overtime hours she worked.

34. By failing to pay overtime compensation to Plaintiff, Defendants violated California Labor Code sections 204 and 510. As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation and is entitled to recovery of such amounts plus interest thereon, attorneys' fees and costs, under Labor Code section 1194.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY MINIMUM WAGES

**[California Labor Code §§ 1194, 1194.2]**

**(Plaintiff Against All Defendants, Including Does 1-50)**

35. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

36. California Labor Code section 1194 entitles an employee to receive compensation in an amount equal to or greater than the minimum wage for all hours worked. All hours must be paid at the

statutory or agreed rate and no part of this rate may be used as a credit against a minimum wage obligation.

37. Since at least 2014, Plaintiff regularly worked over 8 hours in a day and 40 hours a week, worked nearly every weekend, and on average worked 12-24 hours a week of overtime hours. More specifically, MATRIX required Plaintiff to perform, on average, 10-12 hours of work per workday, and several hours of work each weekend as well or was on actual or constructive notice that Plaintiff was working these hours.

38. However, MATRIX failed to compensate Plaintiff for the overtime work she performed.

39. MATRIX mis-classified Plaintiff as an exempt employee and did not pay her for all of the hours which she worked, and therefore failed to pay her the requisite minimum wage.

40. As a result of violations of California Labor Code section 1194 for failure to pay minimum wage, Plaintiff is entitled to recover his minimum wages plus liquidated damages in an amount to the wages unlawfully unpaid and interest thereon, plus attorneys' fees and costs.

**THIRD CAUSE OF ACTION**

**FAILURE TO PROVIDE REQUIRED MEAL PERIODS**

**[California Labor Code §§ 226.7, 512, and 558.1]**

**(Plaintiff Against All Defendants, Including Does 1-50)**

41. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

42. Defendants failed to maintain a policy of providing meal periods as required by Labor Code sections 226.7 and 512.

43. Plaintiff worked in excess of five hours a day without being provided the statutory required half-hour meal period in which she was relieved of her duties, as required by Labor Code sections 226.7 and 512. *See Brinker Restaurant Corp. et al. v. Superior Court*, 53 Cal. 4th 1004, 1040-41 (2012).

44. During Plaintiff's employment with Defendants, Plaintiff worked in excess of five hours a day without being provided a statutory required half-hour meal period in which she was relieved of her duties. On days Plaintiff worked in excess of ten hours a day, she was not provided a statutory required second half-hour meal period in which she was relieved of his duties.

Plaintiff never consented to waiver her right to take meal periods.

45. For instance, every morning, MATRIX provided Plaintiff a task list, with associated due dates or deadlines for each task, and instructions for the order in which Plaintiff had to complete each task. The amount of work assigned to Plaintiff in the task lists, along with the strict deadlines Plaintiff had to complete them by, often required Plaintiff to work through her rest and meal breaks and required Plaintiff to work overtime hours.

46. MATRIX knew that Plaintiff was working through her rest and meal breaks and had to perform several hours of overtime work without pay. By unlawfully classifying Plaintiff as an exempt salaried employee, MATRIX expected and forced Plaintiff to work the entirety of her workdays without relieving her of all work duties and without relinquishing control over her activities to allow her to take a rest or meal break. MATRIX actively discouraged and impeded Plaintiff from taking her meal and rest breaks.

47. Indeed, Plaintiff even complained to MATRIX about the heavy workload MATRIX assigned to her which, in part, required her to work through her rest and meal breaks and work overtime. Although MATRIX acknowledged that Plaintiff's workload was too heavy and caused her to miss her breaks and work overtime, MATRIX expected and required her to continue working under these conditions.

48. Because Defendant mis-classified Plaintiff as an exempt employee, it failed to provide proper meal periods, they are liable to Plaintiff for an additional hour of pay at her regular rate of compensation for each meal break not provided.

## FOURTH CAUSE OF ACTION

## FAILURE TO PROVIDE REST PERIODS

## [California Labor Code § 226.7, and §558.1]

## (Plaintiff Against All Defendants, Including Does 1-50)

49. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

50. Plaintiff regularly worked without any rest periods as required by the California labor law.

51. Labor Code section 226.7 provides:

"(a) No employer shall require any employee to work during any meal or rest period

PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT – 5:23-cv-05690-NC.

mandated by an applicable order of the Industrial Welfare Commission. (b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided."

52. During Plaintiff's employment with Defendants, she was not regularly provided a ten-minute rest period for every four hours of work or major fraction thereof.

53. For instance, every morning, MATRIX provided Plaintiff a task list, with associated due dates or deadlines for each task, and instructions for the order in which Plaintiff had to complete each task. The amount of work assigned to Plaintiff in the task lists, along with the strict deadlines Plaintiff had to complete them by, often required Plaintiff to work through her rest and meal breaks and required Plaintiff to work overtime hours.

54. MATRIX knew that Plaintiff was working through her rest and meal breaks and had to perform several hours of overtime work without pay. By unlawfully classifying Plaintiff as an exempt salaried employee, MATRIX expected and forced Plaintiff to work the entirety of her workdays without relieving her of all work duties and without relinquishing control over her activities to allow her to take a rest or meal break. MATRIX actively discouraged and impeded Plaintiff from taking her meal and rest breaks.

55. Indeed, Plaintiff even complained to MATRIX about the heavy workload MATRIX assigned to her which, in part, required her to work through her rest and meal breaks and work overtime. Although MATRIX acknowledged that Plaintiff's workload was too heavy and caused her to miss her breaks and work overtime, MATRIX expected and required her to continue working under these conditions.

56. Because Defendants mis-classified Plaintiff as an exempt employee, they failed to provide proper her with legally compliant off-duty, uninterrupted rest breaks, and therefore Defendants are liable to Plaintiff for one hour of additional pay at the regular rate of compensation for each workday that the proper rest break was not provided.

**FIFTH CAUSE OF ACTION**

PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT – 5:23-cv-05690-NC.

**FAILURE TO FURNISH TIMELY AND ACCURATE ITEMIZED WAGE STATEMENTS**

**[California Labor Code § 226(a)]**

**(Plaintiff Against All Defendants, Including Does 1-50)**

57. Plaintiff realleges each and every paragraph of this Complaint as though fully set forth herein.

58. Labor Code section 226 requires an employer to furnish its employees with an accurate itemized wage statement in writing showing, among other things: (1) all applicable hourly rates in effect during each respective pay period and the corresponding number of hours worked by each respective individual; (2) total hours worked by each respective individual; (3) gross wages earned; (4) net wages earned; (5) all deductions; (6) inclusive dates of the period for which the employee is paid; (7) the name of the employee and an employee identification or social security number; and (8) the name and address of the legal entity that is the employer.

59. Defendants mis-classified Plaintiff as an exempt employee, did not accurately record her actual hours worked, and did not itemize her straight-time hours and overtime hours on her wage statement.  Further, since Defendants never paid Plaintiff meal and rest period premium wages for her missed meal and rest periods, the wage statements which Defendants provided to Plaintiff each pay period were inaccurate and incomplete.

60. As a result of Defendants failure to provide accurate itemized wage statements, Plaintiff suffered actual damages and harm by being unable to determine her applicable hourly rate or the amount of overtime worked for each pay period, which prevented her from becoming aware of these violations and asserting their statutory protections under California law.

61. Pursuant to Labor Code section 226(e), Plaintiff is entitled to recover the greater of all actual damages or fifty dollars ($50.00) for the initial pay period in which a violation occurs and one hundred dollars ($100.00) for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000.00).

62. Plaintiff is entitled to an award of costs and attorneys' fees under Labor Code section 226(e)(1).

**SIXTH CAUSE OF ACTION**

**VIOLATION OF THE UNFAIR COMPETITION LAW**

**[California Business and Professions Code § 17200]**

PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT – 5:23-cv-05690-NC.

**(Plaintiff Against All Defendants, Including Does 1-50)**

63. Plaintiff realleges each paragraph of this Complaint as though fully set forth herein.

64. California Business & Professions Code section 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

65. California Business & Professions Code section 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the Unfair Competition Law ("UCL").

66. Defendants have engaged in unlawful business practices in California by utilizing and engaging in an unlawful pattern and practice of failing to properly pay employee compensation as described hereinabove, specifically, by failing to provide Plaintiff with minimum wages, overtime wages, meal and rest breaks, and by failing to provide accurate itemized wage statements.

67. Defendants use of such practices constitutes an unlawful business practice. California case law has interpreted the "unlawful" prong of Section 17200 to hold illegal a business practice that violates any other law, treating it as "unlawful" and making it independently actionable under 17200. *Cal-Tech Communications & Cel-Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 C4th 163, 180, 83 CR2d 548 (1999).

68. From at least 2014 to on or around September 17, 2023, MATRIX unlawfully classified Plaintiff as an exempt salaried employee and deprived her of her rights under the California Labor Code, among other things.

69. Plaintiff seeks restitution on account of the economic injuries she has suffered along with disgorgement of ill-gotten gains from the Defendants as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants by means of the unlawful business practices complained of herein.

70. There is no other remedy at law which can return Plaintiff to the status quo (or as close to the status quo as possible). The UCL's four-year statute of limitations period, rather than shorter periods of limitation applicable to contractual or statutory wage claims, governs a UCL claim based on failure to pay wages. *See Cortez v. Purolator Air Filtration Prod. Co.*, 23 Cal. 4th

PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT – 5:23-cv-05690-NC.

163, 178, 999 P.2d 706, 716 (2000); Cal. Bus. & Prof. Code § 17208. Although Plaintiff's claims for statutory wage violations enable Plaintiff to recover three years' worth of damages, Plaintiff's UCL claim will allow her to seek repayment of wages owed for an additional year due to its four-year limitations period.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

(a)  For economic damages, according to proof, in the amount of the unpaid minimum and overtime wages for hours worked by Plaintiff;

(b)  For meal and rest period damages, according to proof, to be paid as one hour of Plaintiff's regular rate for all meal and rest period violations;

(c)  For prejudgment interest;

(d)  For wage statement penalties or damages per Labor Code section 226;

(e)  For restoration of confiscated or lost wages, statutory penalties, and all remedies afforded under the *Labor Code* on all causes of action for violation of the Labor Code;

(f)  For restitution of lost wages per Business and Professions Code section 17200 et seq.;

(g)  For prejudgment and post-judgment interest according to law;

(h)  For reasonable attorneys' fees incurred in this action on those causes of action for which such fees are recoverable under the law;

(i)  For costs of suit incurred in this action;

(j)  For such other and further relief as the Court deems proper and just.


DATED: December 4, 2023                    JUSTICE FOR WORKERS, P.C.

By: _____
Young K. Park, Esq.
Tara H. Hattendorf, Esq.
Michelle Avidisyans, Esq.
Attorneys for Plaintiff,
ALICE COOK

PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT – 5:23-cv-05690-NC.

DATED: December 4, 2023          GOLIATH LAW APC


                                 By: _____
                                     Jeffrey Scott Ranen, Esq.
                                     Attorneys for Plaintiff,
                                     ALICE COOK



                        **DEMAND FOR JURY TRIAL**

        Plaintiff hereby demands a trial by jury on all claims.


DATED: December 4, 2023          JUSTICE FOR WORKERS, P.C.


                                 By: _____
                                     Young K. Park, Esq.
                                     Tara H. Hattendorf, Esq.
                                     Michelle Avidisyans, Esq.
                                     Attorneys for Plaintiff,
                                     ALICE COOK


DATED: December 4, 2023          GOLIATH LAW APC


                                 By: _____
                                     Jeffrey Scott Ranen, Esq.
                                     Attorneys for Plaintiff,
                                     ALICE COOK

PLAINTIFF ALICE COOK'S FIRST AMENDED COMPLAINT – 5:23-cv-05690-NC.