UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICE COOK,<br><br>        Plaintiff,<br><br>    v.<br><br>MATRIX ABSENCE MANAGEMENT, INC.,<br><br>        Defendant. | Case No. 23-cv-05690-PCP<br><br>**ORDER GRANTING IN PART MOTION TO DISMISS AND REMANDING UCL CLAIM**<br><br>Re: Dkt. No. 13 |

Plaintiff Alice Cook brings this action against her employer, Matrix Absence Management, Inc. She asserts several California Labor Code and Unfair Competition Law (UCL) claims based on her alleged misclassification as an exempt employee. For the reasons set forth below, Matrix's motion to dismiss is granted in part and denied in part, and the UCL claim is remanded.

**I.    Background**

The following allegations from the complaint are taken as true in deciding this motion.

Matrix administers disability and leave of absence claims for its employer clients. Ms. Cook began working as a claims examiner for Matrix in 2014. This job involved reviewing disability and leave of absence claims to determine whether claimants were eligible for benefits based on set guidelines. Matrix classified Ms. Cook as an exempt, salaried employee in this position. Ms. Cook claims she was misclassified. As a result, she alleges that from 2014 through 2023, Matrix did not pay her overtime wages for overtime hours, did not provide meal or rest breaks, and did not itemize the hours she worked on her wage statements. Ms. Cook alleges that she regularly worked 10–12 hours on weekdays and several hours each weekend. She contends that Matrix gave her a list of tasks every morning with strict deadlines, and that meeting these deadlines often required her to skip rest and meal breaks and to work overtime hours.

1    In 2020, two other Matrix employees filed a putative class action against Matrix in
2    Arizona. They alleged that Matrix had misclassified them as exempt and brought claims for failure
3    to pay overtime wages. Class certification was denied. The case then settled and was dismissed.
4    One week later, in September 2023, Matrix reclassified Ms. Cook as non-exempt.
5    Ms. Cook filed this lawsuit in California state court the next month. She asserts five claims
6    under the California Labor Code: (1) failure to pay overtime wages, (2) failure to pay minimum
7    wages, (3) failure to provide required meal periods, (4) failure to provide rest breaks, (5) failure to
8    furnish wage statements. She also asserts a sixth claim for violations of California's Unfair
9    Competition Law (UCL). After Matrix removed the case to this Court in November 2023, Ms.
10   Cook filed an amended complaint. Matrix then moved to dismiss Ms. Cook's claims for failure to
11   provide meal and rest periods, failure to furnish wages statements, and UCL violations.

## II. Legal Standards

Federal Rule of Civil Procedure 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief," with allegations that are "simple, concise, and direct." A complaint must "plausibly suggest" entitlement to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). It must also give "fair notice" and "enable" the defendant "to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). A pleading cannot be "so vague or ambiguous" that an opponent "cannot reasonably prepare a response." *See* Fed. R. Civ. P. 12(e).

A complaint that does not state a claim upon which relief can be granted can be dismissed under Rule 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678. Legal conclusions must be "supported by factual allegations." *Id.* at 679. The Court must "accept all factual allegations" and "construe the pleadings in the light most favorable to the nonmoving party." *Rowe v. Educ. Credit Mgmt. Corp.,* 559 F.3d 1028, 1029–30 (9th Cir. 2009).

2

### III. Analysis

#### A. Ms. Cook Has Adequately Pleaded Her Meal and Rest Period Claims.

Matrix argues that Ms. Cook has not supported her meal and rest period claims with factual allegations that satisfy Rule 8. This argument fails.

California law generally requires employers to give employees a 30-minute meal period when they work shifts that are longer than five hours and a second meal period when they work shifts longer than ten hours. Cal. Labor Code § 512. State wage orders also generally require employers to give employees a 10-minute rest period for every four hours they work. *See, e.g.*, Cal. Industrial Welfare Commission, Order No. 4-2001 (professional, technical, clerical, mechanical and similar occupations). Rest periods are generally not required for exempt administrative, executive, and professional employees who earn a monthly salary at least double minimum wage. *See id.* Employers who fail to provide required meal or rest periods must "pay the employee one additional hour of pay … for each work day that the meal or rest period is not provided." Cal. Labor Code § 226.7

Ms. Cook alleges that she was not provided required meal and rest periods and that the amount of work she was assigned often required her to work through meal and rest breaks.

Rule 8 requires allegations that plausibly suggest entitlement to relief. Ms. Cook's complaint clears this bar. She specifically asserts that since at least 2014, Matrix has not provided her with required meal and rest periods. She claims that her heavy workload (including a daily task list with strict deadlines) meant that she was "often required … to work through her rest and meal breaks," and that Matrix knew Ms. Cook was working through her breaks, in part based on Ms. Cook's complaints about her heavy workload. She also alleges that until 2023, she was misclassified by Matrix as an exempt employee not entitled to rest breaks under California regulations. Taken together, these allegations are sufficient to plausibly suggest that Matrix failed to provide Ms. Cook with meal and rest breaks to which she was entitled.

In arguing to the contrary, Matrix points to several allegations missing from Ms. Cook's complaint. Matrix notes that Ms. Cook does not allege any specific instance in which Matrix denied her a meal or rest period, does not say who required her to work during meal or rest periods

3

or how she was required to do so, and, in Matrix's view, does not allege specific facts supporting her allegation that Matrix discouraged and impeded her from taking meal and rest breaks.

Such allegations might bolster Ms. Cook's claims, but they are not required at this stage. Ms. Cook does not merely assert that she did not receive meal and rest breaks but explains why: She claims that her heavy workload required her to work through meal periods, and that Matrix had misclassified her as an exempt employee not entitled to rest periods. These allegations are sufficient to state a plausible claim for relief.

In arguing that Ms. Cook's claims are insufficient, Matrix relies heavily on *Landers v. Quality Communications, Inc.*, 771 F.3d 638 (9th Cir. 2014). *Landers* considered how Rule 8's pleading requirements applied to claims for overtime pay under the Fair Labor Standards Act (FLSA). The court noted that "conclusory allegations that merely recite the statutory language" are inadequate and held that "at a minimum, a plaintiff asserting a violation of the FLSA overtime provisions must allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id.* at 644–45. The court concluded that Mr. Landers's "generalized allegations asserting violations of the minimum wage and overtime provisions of the FLSA," including that "defendants implemented a de facto piecework no overtime system and/or failed to pay minimum wages and/or overtime wages," were insufficient. *Id.* at 646. According to the Ninth Circuit, those allegations failed to provide "sufficient detail about the length and frequency of [the plaintiff's] unpaid work to support a reasonable inference that he worked more than forty hours in a given week." *Id.*

Matrix argues that Ms. Cook's allegations do not meet the "*Landers* pleading standard." But there can be no such "standard": Wage and hour claims are subject to the same Rule 8 pleading standard as all other claims not sounding in fraud or mistake. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions. Rule 9(b), for example, provides for greater particularity in all averments of fraud or mistake. This Court, however, has declined to extend such exceptions to other contexts."); *cf. Copeland v. Energizer Holdings, Inc.*, — F. Supp. 3d ——, 2024 WL 511224, at *4 (N.D. Cal. 2024) ("*Kendall* does not establish a heightened pleading standard applicable only

4

to antitrust conspiracy cases. Nor could it: The Supreme Court has repeatedly recognized that the same Rule 8 standard applies to antitrust and non-antitrust cases alike.").

Rather than establishing a special pleading standard for wage and hour cases, *Landers* simply applied the regular Rule 8 requirement that a plaintiff's factual allegations must be detailed enough to plausibly suggest entitlement to relief. *Landers* involved FLSA overtime claims, which are triggered only when an employee works more than 40 hours in a week. In order to state an FLSA claim, then, Mr. Landers had to plead facts "showing that there was a given week in which he was entitled to but denied minimum wages or overtime wages." 771 F.3d at 645. But it was unclear from Mr. Landers's allegations whether he *ever* worked more than forty hours in any single week. Mr. Landers's complaint included several "generalized allegations" about his employer's compensation system, but he did not "allege facts demonstrating there was at least one workweek in which [he] worked in excess of forty hours and [was] not paid overtime wages." *Id.* at 646. Because he had not alleged that there was even a single week where he had not received overtime wages he was due, Mr. Landers had not plausibly made out a FLSA claim. The problem was not one of particularity but plausibility. It did not matter which specific week Mr. Landers had worked overtime; Mr. Landers's allegations were instead inadequate because they did not suggest that there was *ever* a week in which he was entitled to overtime pay but did not receive it.

Ms. Cook's allegations, by contrast, are more than sufficient. She does not simply allege that Matrix operated in a way that denied its employees meal and rest breaks without alleging that she herself was not provided such breaks. Instead, Ms. Cook asserts that *she* was not given required meal and rest breaks and explains why she did not receive these breaks. Whether this actually happened is a factual question she must prove at a later stage. But at the pleading stage her allegations suffice.

**B.   Ms. Cook Has Not Adequately Pleaded Her Wage Statement Claims**

Ms. Cook also asserts that as a result of her misclassification and Matrix's alleged failure to pay overtime and meal/rest period premium wages, her wage statements were inaccurate and incomplete. On this basis she brings a claim under Section 226 of the California Labor Code,

which requires accurate wage statements and allows for statutory penalties if an employer knowingly and intentionally fails to provide such statements.

Matrix first argues that this claim should be dismissed to the extent it is derivative of Ms. Cook's meal and rest period claims. Because Matrix's motion to dismiss those claims is denied, this parallel challenge to the wage statement claim also fails.

Matrix next argues that Ms. Cook has not adequately alleged that Matrix intentionally provided inaccurate wage statements. Ms. Cook argues in her opposition brief that Matrix knowingly and intentionally misclassified her as an exempt employee and that the incorrect wage statements were intentional as a consequence. But the complaint itself does not allege that Matrix knew from the outset that its classification of Ms. Cook was wrong. Instead, its only explicit allegation regarding knowledge is that Matrix knew Ms. Cook was working through her rest and meal breaks and had to perform overtime work without pay. Compl. ¶¶ 22, 46.

Knowledge that Ms. Cook was working through meal and rest periods and not receiving overtime pay does not necessarily establish that Matrix knowingly and intentionally provided inaccurate wage statements. As the California Supreme Court recently ruled after briefing on the motion in this case concluded, "an employer's objectively reasonable, good faith belief that it has provided employees with adequate wage statements precludes an award of penalties under section 226, subdivision (e)(1)." *Naranjo v. Spectrum Sec. Servs., Inc.*, 15 Cal. 5th 1056, ——, 320 Cal. Rptr. 3d. 646, 667 (2024). The court specifically rejected the argument that an employer need only be aware of the predicate facts giving rise to its violation, holding instead that an employer must intentionally omit information it knew it was required to include in wage statements.

As currently formulated, Ms. Cook's complaint suggests (even if it does not explicitly allege) that Matrix knew the facts underlying its alleged wage statement violations. But under *Naranjo* this is not enough. Ms. Cook's complaint does not allege that Matrix's failure to provide timely and accurate wage statements was knowing or intentional. Accordingly, her wage statement claim is dismissed with leave to amend.

### C. This Court Cannot Award Restitution for Ms. Cook's UCL Claim.

Ms. Cook's final claim is for a violation of the California Unfair Competition Law, which prohibits unfair competition, including in the form of unlawful business practices. Ms. Cook's claim under the UCL's unlawful prong is based on her allegedly unlawful misclassification as an exempt employee and the ensuing Labor Code violations.

Matrix argues that the UCL claim must be dismissed because Ms. Cook has failed to adequately plead an inadequate remedy at law. Only equitable remedies are available under the UCL. *See Nationwide Biweekly Admin., Inc. v. Sup. Ct. of Alameda Cnty.*, 9 Cal. 5th 279, 326 (2020) (explaining that UCL remedies are "clearly equitable in nature"). Here, Ms. Cook seeks equitable restitution of her lost wages. But this Court has power to award equitable restitution only if Ms. Cook's legal remedies are inadequate. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Where legal remedies are adequate, federal courts lack equitable jurisdiction to consider the merits of a claim at all (even if they otherwise have subject matter jurisdiction). *See Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1312 (9th Cir. 2022)

In many cases, *Sonner* and *Guzman* will hold little sway at the pleading stage because evaluating remedies is a fact-intensive inquiry and it may not become apparent until the facts are settled whether legal inquiries will be adequate. Thus at the pleading stage, "a plaintiff need not explain in great detail why her legal remedies are insufficient; an allegation to that effect is generally enough." *In Re Meta Pixel Tax Filing Cases*, —— F.Supp.3d ——, ——, 2024 WL 1251350, at *23 (N.D. Cal. 2024) (cleaned up).

But in this case, Ms. Cook's complaint acknowledges that she seeks the same measure of relief for both her legal and equitable claims: lost wages. The only difference between the two claims is the extra year of recovery allowed under the UCL's longer statute of limitations.

Obviously, the four years of lost wages Ms. Cook could recover under the UCL would more fully remedy the violations she alleges than the three years available under the Labor Code. But under *Guzman*, the fact that Ms. Cook's legal claim for her fourth year of lost wages is now time barred and thus unavailable to her as a practical matter does not render this legal relief inadequate in a way that would give this court equitable jurisdiction over her UCL claim. As the

*Guzman* court explained, "equitable relief must be withheld when an equivalent legal claim would have been available but for a time bar," and "failure to have timely pursued [a legal] claim cannot confer equitable jurisdiction on a federal court to entertain [a] UCL claim." 49 F.4th at 1312.

In *Guzman*, the Ninth Circuit concluded that the plaintiff "had an adequate remedy at law through his … claim for damages, even though he could no longer pursue it" because the statute of limitations had passed. 49 F.4th at 1312. Here, unlike in *Guzman*, Ms. Cook's legal claims are still timely, at least for the most recent three years. It is now too late for Ms. Cook to seek damages for the fourth year (for which her UCL claim is still timely) or for any of the years before that (for which all of her claims are now time barred). But under *Guzman*, because Ms. Cook could have brought legal claims earlier, the fact that the statute of limitations has now lapsed does not, on its own, render the more limited legal remedies now available to her inadequate. Because Ms. Cook has identified no other basis for deeming her legal remedies inadequate, her complaint fails to establish that this Court has equitable jurisdiction over her UCL claim.[1]

*Guzman* was filed in federal court, and the Ninth Circuit concluded in that case that a district court lacking equitable jurisdiction over a UCL claim should dismiss it without prejudice to refiling in state court. 49 F.4th at 1314. As the Ninth Circuit pointed out, because "[t]he California Supreme Court has held that the UCL's four-year statute of limitations applies even when an equivalent claim for damages would have been available under a state law with a shorter statute of limitations had the plaintiff brought the claim earlier," a plaintiff might successfully bring in state court a UCL claim over which a federal court lacks equitable jurisdiction. *Id.* at 1312.

Unlike the plaintiff in *Guzman*, Ms. Cook initially filed this case in state court. Accordingly, rather than dismiss her UCL claim without prejudice, the Court will sever the UCL

---

[1] The California Supreme Court has held that unpaid wages, "[o]nce earned … bec[o]me property to which … employees [are] entitled." *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163, 168 (2000). In a sense, then, any remedy that does not provide for the payment of *all* unpaid wages earned at *any* time fails to provide a complete remedy for the employee's loss of "property" and might be deemed "inadequate." Because Ms. Cook does not rely on this theory of inadequacy, however, this Court need not decide whether it can be squared with *Guzman*, which involved consumer claims rather than claims for unpaid wages.

8

claim and remand it to state court. *See, e.g.*, *Morgan v. Rohr, Inc.*, No. 20-cv-00574, 2023 WL 7713582, at *3–5 (S.D. Cal. Nov. 15, 2023) (collecting cases granting similar remand). Because this Court lacks equitable jurisdiction to consider the merits of Ms. Cook's UCL claim and is remanding it to state court, Matrix's motion to dismiss this claim is denied as moot.

## IV. Conclusion

For the reasons set forth above, Matrix's motion to dismiss is granted as to Ms. Cook's wage statement claim but otherwise denied. The UCL claim is severed and remanded to California state court. An amended complaint, if Ms. Cook chooses to file one, will be due July 11, 2024. Matrix's answer to Ms. Cook's original complaint or response to her amended complaint will be due August 1, 2024.

**IT IS SO ORDERED.**

Dated: June 20, 2024

P. Casey Pitts
United States District Judge